# IN THE UNITED STATES DISTRICT COURT

# FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSHUA HARRIMAN**, on his own behalf and on behalf of those similarly situated;<br><br>　　　　Plaintiff,<br><br>v.<br><br>**BROWN & ROOT INDUSTRIAL SERVS., LLC**;<br><br>　　　　Defendant. | Civil Action No. _____<br><br>COMPLAINT<br><br>COLLECTIVE ACTION |

Plaintiff Joshua Harriman, on his own behalf and on behalf of those similarly situated, hereby alleges as follows:

## THE PARTIES

1. Joshua Harriman is an individual of the full age of majority and a resident of St. Helena Parish, Louisiana.

2. Defendant Brown & Root Industrial Services, LLC ("Brown & Root"), is a Delaware limited liability company with its principal business office at 4171 Essen Lane, 11th Floor, Baton Rouge, Louisiana. It sometimes uses the informal trade name "Brown & Root Corporate."

3. On information and belief, Defendant Brown & Root Industrial Services, LLC is a wholly owned subsidiary of Brown & Root Industrial Services Holdings, LLC, a Delaware limited liability company with its principal business office at 2600 Citiplace Drive, Suite 500, Baton Rouge, Louisiana. This holding company is not presently made defendant to this action, but Plaintiff reserves the right to file an amendment adding additional Defendant(s) should additional information arise in discovery and investigation.

## JURISDICTION AND VENUE

4. This Complaint is brought pursuant to the Fair Labor Standards Act ("FLSA"). This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

5. Brown & Root is headquartered in, and does business within, this District.

6. A substantial part of the events or omissions giving rise to this claim occurred within this District. Venue is therefore proper in this Court. 28 U.S.C. § 1391.

7. Defendant is engaged in commerce pursuant to 29 U.S.C. § 203(s).

8. Defendant's annual gross volume of sales made or business done has exceeded $500,000 for each year during the relevant time period.

## FACTUAL ALLEGATIONS

9. Among with many other business lines, Brown & Root provides specialized industrial services and staffing to industrial locations, including the refineries and petrochemical plants lining the Mississippi River.

10. Plaintiff is employed by Brown & Root as a full-time, non-exempt, hourly welder, at a regular pay rate of $37.00 per hour.

11. Plaintiff is currently assigned to work at the Marathon Petroleum Refinery in St. John the Baptist Parish.

12. As a required term of his employment, Plaintiff is required to and does attend regular training classes, including safety training classes.

13. Defendant does not pay Plaintiff for his time spent in these training classes.

14. Such training is directly related to Plaintiff's work at the Marathon refinery.

15. Plaintiff's attendance at these training classes is mandatory.

16. Plaintiff's most recent training class took approximately 5 ½ hours, all of which time was unpaid.

17. Those hours, if paid, would have brought Plaintiff over forty hours of work for that workweek and should have been paid as overtime.

18. Plaintiff requested payment for his training time from his supervisor, and was told that Brown & Root does not pay for such time.

19. Plaintiff called Defendant's Human Resources Vice President to ask why he was not paid for this training time. The Human Resources Vice President told Plaintiff that neither new hires nor current employees are eligible to be paid for such hours. She further stated that Brown & Root has "never" paid for attendance at training sessions, and that Plaintiff would not be paid for this time.

## FIRST CAUSE OF ACTION

## FAILURE TO PAY OVERTIME (29 U.S.C. § 207)

20. Plaintiff hereby realleges and reincorporates all paragraphs set forth above.

21. The FLSA requires that employers pay employees an overtime premium of one-and-a-half times their regular hourly rate for all hours worked over forty hours in a workweek. 29 U.S.C. § 207.

22. Defendant does not pay Plaintiff for his time spent attending mandatory work-related training classes after his normal forty-hour workweek.

23. Defendant's nonpayment of overtime was and is willful, and was not based on a good faith belief that such conduct is in accordance with the law.

## COLLECTIVE ACTION ALLEGATIONS

24. Plaintiff hereby realleges and reincorporates all paragraphs set forth above.

25. Defendant has a company-wide policy and practice of not paying for mandatory, job-related training overtime for its industrial services employees.

26. According to Defendant's Vice President of Human Resources, Defendant has

"never" paid for such time.

27. The decision to implement this unlawful company-wide policy and practice is made at Defendant's headquarters in Baton Rouge, Louisiana.

28. This policy and practice is therefore not limited to individuals working under the same supervisor as Plaintiff, or to individuals working in the same job site as Plaintiff.

29. Defendant's company-wide policy of refusing to pay overtime pay for legally compensable training time has affected all of Defendant's hourly, non-exempt industrial services employees within the relevant time period.

30. The proposed collective includes all hourly, non-exempt industrial service workers employed by Defendant within the past three years of the filing of this Complaint.

31. Such employees are "similarly situated" pursuant to 29 U.S.C. § 216(b), and this action should proceed as a collective action.

32. Plaintiff requests that, at the soonest practicable time, the Court order that notice be given to the remaining members of the collective so that they may exercise their right to opt into this action.

33. Plaintiff further requests that a tolling order issue as to the asserted FLSA rights of Defendant's hourly, non-exempt employees so as not to allow undue delay to frustrate the statutory intent of the Fair Labor Standards Act to ensure overtime pay to all eligible employees.

34. Plaintiff further requests expedited discovery on the collective issues, as mandated by the Fifth Circuit in *Swales v. KLLM Transp. Serv., LLC,* and will file a separate motion accordingly.

**WHEREFORE**, Plaintiff respectfully prays for judgment as follows:

a. That this case be allowed to proceed as a collective action, that notice be sent to other potential claimants, and that expedited discovery be allowed on all collective issues accordingly;

b. For an award of all unpaid wages and overtime according to proof;

c. For an award of liquidated damages pursuant to 29 U.S.C. § 216(b);

d. For an award of reasonable attorney's fees and costs of suit;

e. For declaratory or equitable relief as provided by law;

f. For pre and post-judgment interest to the extent provided by law; and

g. For such other and further relief as may be just and proper.

Respectfully Submitted,

*/s/ Charles J. Stiegler*
Charles J. Stiegler, #33456
STIEGLER LAW FIRM LLC
318 Harrison Ave., Suite #104
New Orleans, La. 70124
(504) 267-0777 (telephone)
(504) 513-3084 (fax)
Charles@StieglerLawFirm.com

Robert B. Landry III (#18998)
rlandry@landryfirm.com
ROBERT B. LANDRY III, PLC
5420 Corporate Boulevard, Suite 303
Baton Rouge, Louisiana 70808
Telephone: (225) 349-7460
Facsimile: (225) 349-7466

*Attorneys for Plaintiff
and the proposed collective*